UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br> Plaintiff, </br></br> v. </br></br> ARIEL SOLIS VELETA, PACIFICAP PROPERTIES GROUP, LLC, ST. ANTHONY LIMITED PARTNERSHIP, and PACIFICAP HOLDINGS XXXVIII, LLC, </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) CIVIL ACTION NO. _____ </br> ) </br> ) **COMPLAINT AND** </br> ) **DEMAND FOR JURY TRIAL** </br> ) </br> ) </br> ) </br> ) </br> ) |

Plaintiff, the United States of America (the "United States"), alleges as follows:

1. The United States brings this action to enforce the provisions of Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. §§ 3601–3631 (the "Fair Housing Act").

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3614(a).

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because the actions and omissions giving rise to the United States' claims occurred in the District of New Mexico.

## DEFENDANTS AND SUBJECT PROPERTY

4. Defendant Ariel Solis Veleta ("Defendant Solis") resides in Albuquerque, New Mexico.

5. Defendant PacifiCap Properties Group, LLC is an Oregon domestic limited liability company with its principal place of business at 412 NW 5th Ave, Ste. 200, Portland, Oregon 97209.

6. Defendant St. Anthony Limited Partnership is a New Mexico limited partnership with its designated office address at 1750 Indian School Road NW, Albuquerque, New Mexico 87104.

7. Defendant St. Anthony Limited Partnership has one general partner, PacifiCap Holdings XXXVIII, LLC.

8. Defendant PacifiCap Holdings XXXVIII, LLC is a New Mexico domestic limited liability company with its principal place of business at 4528 Carlisle Blvd. NE, Albuquerque, New Mexico 89109.

9. The subject property is Saint Anthony Plaza Apartments, located at 1750 Indian School Road NW, Albuquerque, New Mexico 87104.

10. The subject property consists of 160 units.

11. At all times relevant to this action, Saint Anthony Plaza Apartments has participated in the Section 8 Project-Based Rental Assistance ("PBRA") program. Through the PBRA program, HUD maintains long-term contracts with owners of multifamily housing properties to subsidize rental payments of low-income and very low–income families.

12. The subject property is a "[d]welling" within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b).

13. At all times relevant to this action, Defendant St. Anthony Limited Partnership owned the subject property.

14. At all times relevant to this action, Defendant PacifiCap Properties Group, LLC was the management company for the subject property.

15. During the period relevant to this action, Defendant Solis was employed by Defendant PacifiCap Properties Group, LLC as a leasing agent and site manager to manage the

subject property. In this role, Defendant Solis' tasks included, but were not limited to, showing units to prospective tenants, executing leases, calculating rent amounts, collecting rent, receiving maintenance requests, communicating with tenants, and initiating eviction proceedings.

16. In his capacity as a leasing agent and site manager, Defendant Solis acted as an agent of Defendants PacifiCap Properties Group, LLC, St. Anthony Limited Partnership, and PacifiCap Holdings XXXVIII, LLC, with actual and apparent authority provided by those defendants to manage the subject property.

## **DEFENDANTS' DISCRIMINATORY PRACTICES**

17. From 2010 and continuing until 2022, Defendant Solis subjected female tenants at the subject property to discrimination because of sex, including unwelcome and severe or pervasive sexual harassment. Defendant Solis' conduct included, but was not limited to:

   a. Offering to grant tangible housing benefits, such as excusing late or unpaid rent, to female tenants in exchange for sexual acts;

   b. Subjecting female tenants to unwelcome sexual touching, including kissing them and touching them between their legs;

   c. Exposing his penis to female tenants;

   d. Asking female tenants to touch his penis;

   e. Masturbating in front of female tenants;

   f. Asking female tenants to expose their breasts;

   g. Making unwelcome sexual comments and sexual advances to female tenants, including commenting on female tenants' bodies and inviting them to engage in sexual acts with him;

   h. Locking female tenants in his office in order to demand sexual acts;

    i. Entering female tenants' homes under the guise of conducting maintenance or other property management work and then requesting sexual acts; and

    j. Taking adverse housing actions, such as increasing rent or threatening to initiate evictions, against female tenants who objected to or refused his sexual advances.

  18. For example, from 2015 through 2022, Defendant Solis subjected a female tenant to repeated unwelcome demands for sexual contact and repeatedly touched her in a sexual manner without her consent. One encounter occurred around the summer of 2015, when Defendant Solis called this tenant to his office at the subject property. When she arrived, he closed and locked the office door and told her that he had a folder of complaints about her tenancy that put her at risk of eviction. Defendant Solis then pulled the tenant onto his lap and said he could "make it all go away." When the tenant got up, Defendant Solis unzipped his pants and told the tenant to touch his exposed penis. Feeling like she had no choice, the tenant submitted to his sexual demand. After she touched his penis, Defendant Solis masturbated in her presence. The tenant was so distressed by this incident that she moved out of the subject property for several months. Around 2016, Defendant Solis contacted this tenant again, repeatedly asking her to come to his office, which she did. During these visits, Defendant Solis locked the office door, asked her for sex acts, and told her that she would not be able to find housing elsewhere because of the problems documented in her tenant file. Fearful of losing housing for herself and her family, the tenant submitted to his demands. During these encounters, Defendant Solis pressured this tenant to touch his penis and expose her breasts, and he touched the tenant's vagina. This tenant and her family eventually moved out of the subject property because of Defendant Solis' harassment.

19. In another example, around 2018, Defendant Solis arrived at a female tenant's apartment in the evening and told her he needed to enter her unit for maintenance. Once inside the unit, he asked the tenant when she had days off work and when they could go on a date. At one point during the visit, the tenant went to her bedroom, and Defendant Solis followed her. He kissed the tenant, put his hands on her shoulders, laid her down on the bed, and climbed on top of her. Defendant Solis then asked if she liked the feeling of his erect penis. The tenant said no, and told him to get off her. Defendant Solis then left the unit. Following this encounter, the tenant tried to avoid Solis and attempted to handle all administrative paperwork and rent payments with other employees at the subject property. However, she found it impossible to avoid Defendant Solis completely. The tenant ultimately moved out of the subject property to get away from Defendant Solis.

20. In another example, from 2010 through 2021, Defendant Solis subjected a female tenant to repeated unwelcome demands for sexual contact. For example, one evening, he came to her home with paperwork for her to sign. Once inside her home, he touched her between her legs, and when she pushed him away, he grabbed her arm, pulled her into the bathroom, and locked the door. Defendant Solis then exposed his penis in a manner that indicated that he wanted her to touch his penis. Fearing that Defendant Solis might evict her if she refused, and feeling like she had no choice, she touched his penis. On another occasion, in Defendant Solis' office, he grabbed the tenant's hand and put it inside his pants, on top of his erect penis, saying "look what you do to me," or words to that effect. Fearful of his control over her housing, she touched his penis. On another occasion, around March 2021, Defendant Solis told her to come to his office to drop off paperwork related to her tenancy. When she arrived, Defendant Solis closed the door, showed her a photograph of himself in the shower, and then exposed his erect penis to

5

her. The tenant told him to stop and left the office. Defendant Solis then called the tenant's cell phone and made a comment along the lines of, "that's how you're going to leave me?"

21. The experiences of the women described above were not the only instances of Defendant Solis' sexual harassment of female tenants. Rather, they were part of his longstanding pattern or practice of illegal sexual harassment of multiple female tenants from 2010 to 2022.

22. Defendant Solis' conduct described in this complaint caused female tenants to suffer fear, anxiety, and emotional distress, and interfered with their ability to secure and maintain rental housing for themselves and their families.

23. Defendant Solis' discriminatory conduct at the subject property owned by Defendant St. Anthony Limited Partnership occurred within the scope of his agency relationship with Defendants PacifiCap Properties Group, LLC, St. Anthony Limited Partnership, and PacifiCap Holdings XXXVIII, LLC, and was aided by the existence of that agency relationship. These defendants are therefore vicariously liable for Defendant Solis' conduct.

## CAUSE OF ACTION

## FAIR HOUSING ACT

24. The United States realleges and incorporates by reference herein the allegations contained in Paragraphs 1 through 23 as if set forth here in full.

25. By the conduct described in the foregoing paragraphs, Defendants have:

   a. Refused to rent or negotiate for the rental of, or otherwise made unavailable or denied, dwellings to persons because of sex, in violation of 42 U.S.C. § 3604(a);

   b. Discriminated in the terms, conditions, or privileges of the rental of dwellings, or in the provision of services or facilities in connection therewith, because of sex, in violation of 42 U.S.C. § 3604(b);

    c. Made statements with respect to the rental of dwellings that indicate a preference, limitation, or discrimination based on sex, in violation of 42 U.S.C. § 3604(c); and

    d. Coerced, intimidated, threatened, or interfered with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights granted or protected by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

26. Under 42 U.S.C. § 3614(a), Defendants' conduct as described in the foregoing paragraphs constitutes:

    a. A pattern or practice of resistance to the full enjoyment of the rights granted by the Fair Housing Act, and

    b. A denial of rights granted by the Fair Housing Act to a group of persons, which denial raises an issue of general public importance.

27. Defendant Solis' discriminatory conduct has harmed female tenants. These persons are "[a]ggrieved person[s]" as defined in 42 U.S.C. § 3602(i) and have suffered damages because of Defendants' conduct.

28. Defendant Solis' conduct was intentional, willful, or taken in reckless disregard of the rights of others.

## PRAYER FOR RELIEF

WHEREFORE, the United States requests that this Court enter an order that:

    a. Declares that the Defendants' discriminatory practices violate the Fair Housing Act, as amended, 42 U.S.C. §§ 3601–3619;

    b. Enjoins the Defendants, their agents, employees, and successors, and all other persons in active concert or participation with them, from:

      i.      Discriminating on the basis of sex, including engaging in sexual harassment, in any aspect of the rental of a dwelling;

      ii.     Discriminating on the basis of sex in the terms, conditions, or privileges of the sale or rental of a dwelling, or in the provision of services or facilities in connection therewith;

      iii.    Making statements with respect to the sale or rental of a dwelling that indicate a preference, limitation, or discrimination based on sex;

      iv.    Coercing, intimidating, interfering with, or threatening to take any action against any person engaged in the exercise or enjoyment of rights granted or protected by the Fair Housing Act;

      v.     Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the aggrieved persons affected by the Defendants' past unlawful practices to the position they would have been in but for the discriminatory conduct; and

      vi.    Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future;

c. Awards monetary damages to each person aggrieved by the Defendants' discriminatory conduct, under 42 U.S.C. § 3614(d)(1)(B);

d. Assesses civil penalties against the Defendants to vindicate the public interest, under 42 U.S.C. § 3614(d)(1)(C); and

e. Awards such additional relief as the interests of justice may require.

## DEMAND FOR JURY TRIAL

29. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the United States hereby demands a trial by jury.

Dated: March 6, 2024

Respectfully Submitted,

|  |  |
|---|---|
|  | MERRICK B. GARLAND<br>Attorney General |
| ALEXANDER M.M. UBALLEZ<br>United States Attorney<br>District of New Mexico | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
|  | CARRIE PAGNUCCO<br>Chief |
| /s/ Sean M. Cunniff<br>SEAN M. CUNNIFF<br>Assistant United States Attorney<br>United States Attorney's Office<br>District of New Mexico<br>201 3rd Street NW, Suite 900<br>Albuquerque, NM 87102<br>Phone: (505) 224-1473<br>Fax: (505) 346-2558<br>Email: sean.cunniff@usdoj.gov | /s/ Alisha Jarwala<br>TIMOTHY J. MORAN<br>Deputy Chief<br>ALISHA JARWALA<br>Trial Attorney<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>United States Department of Justice<br>150 M Street NE<br>Washington, DC 20530<br>Phone: (202) 538-1028<br>Fax: (202) 514-1116<br>Email: alisha.jarwala@usdoj.gov |
|  | *Attorneys for Plaintiff*<br>*United States of America* |